Essex County News Company, complainant-respondent,

*v.*

Newark Morning Ledger Company, defendant-respondent, and Newark Mailers' Union No. 11, defendants-appellants.

[Argued May 25th, 1937. Decided September 22d, 1937.]

*Mr. Israel B. Greene,* for the appellants.

*Mr. Milton M. Unger,* for the complainant-respondent.

*Messrs. Osborne, Cornish & Scheck,* for the defendant-respondent.

The opinion of the court was delivered by

Parker, J.

As between the News Company and the Ledger Company, the suit is for specific enforcement of a written contract whereby the Ledger Company employed the News Company, a newspaper distributing agency, to make distribution each day of its output for a specified territory, on à financial basis

stipulated therein. Previous to the contract, the whole output, of which the contract covered a part, had been wrapped and addressed in, and sent out from the "mailing room" where the Ledger Company employed certain members of the Mailers' Union No. 11, one of the appellants; and the performance of the contract would lead to the discharge of some of them. The mailers' union and two associated unions claimed that the contract was in violation of the existing union agreement, and threatened a strike. The Ledger Company notified the News Company that on account of this threat, it would not deliver the papers to it to distribute; and the original bill in this cause was filed to enforce the contract, as regards the Ledger Company, and as regards the unions and certain individual members thereof, in substance for injunction against interference with the contract relation. There was an order to show cause, and a counter-motion by the mailers' union and members to strike out the bill on several grounds. The vice-chancellor denied the motion to strike out the bill, and in a memorandum of decision held that the claim for specific performance should be separately stated as against the Ledger Company alone, and that the matters involving labor union controversy be pleaded in a separate count; and authorized amendment accordingly. An amended bill, in this form, was accordingly filed, and a new order to show cause was made. There was a further notice of motion to strike out the amended bill; and a petition by the mailers' union to be made a party to the first count of the amended bill, which of course would revive the very conditions which prompted the amendment. The vice-chancellor heard the matter on the pleadings and affidavits, and advised a decree which in the printed case is headed: "Final Decree," in which, after the customary recitals, he decreed specific performance by the Ledger Company, and added as the final paragraph: "It is further ordered, adjudged and decreed, that the rights, remedies and equities of the complainant and the defendants with respect to any other matter or thing forming the subject-matter of the amended bill of complaint be and the same are hereby reserved for the further order and

decree of this court; leave being given to any of the parties to this cause to apply for a further order or decree herein with respect to any matter or thing not herein determined."

The mailers' union defendant appeals from this "final" decree, and from the refusal of the court to join it as a party to the first cause of action in the amended bill. The union and the individual defendants appeal from (a) the order denying their motion to strike out the original bill; and (b) the later order denying their motion to strike out the causes of action in the amended bill wherein they are joined as parties.

As to the appeal just indicated as (a) it should suffice to say that by recasting the bill, the original bill was for all practical purposes struck out, and consequently appellants are not aggrieved by the refusal to strike it out formally.

Next it will be appropriate to consider the refusal of the court to join the mailers' union as a party to the first cause of action in the amended bill. The fact is that the union had sought to strike out the original bill on the ground, in part, that it was not concerned in the contract between complainant and the Ledger; and the vice-chancellor very properly held that it would not be permitted later to take a position precisely opposite to that previously taken. The point is also made that there should be a denial of relief in the absence of a controversy between the News Company and the Ledger Company, the latter having admitted on the record the validity of complainant's case against it. But we are unable to see that the appellants are aggrieved by the decision of an issue to which they are not parties, and into which they successfully objected to being drawn.

As to the decree itself, it is called "final" in its caption, or endorsement, or both (neither is printed), the word "final" is a misdescription as is plain from a reading of the final paragraph quoted above. There was no final hearing of the cause, and not even an answer. What was heard was an order to show cause why injunction should not go; and this was heard and disposed of on the usual affidavits and counter-affidavits. The vice-chancellor decided that there was no

proof to warrant injunctive relief, and refused a preliminary injunction, but expressly retained the bill for further action in case subsequent acts of defendants should require it. This seems to have been a proper disposition of the matter for the time being. We see no such technical infirmity in the bill as would require it to be struck from the files. Viewing the decree as interlocutory so far as relates to appellants, we think it was proper and should be affirmed. Such will be the order.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.